# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JAMES NELSON,

    Plaintiff,

vs.                                               Case No. 4:10cv398-MP/WCS

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff James Nelson, inmate number 307445, is an inmate incarcerated within the Florida Department of Corrections, currently housed at Madison Correctional Institution. Doc. 1, Doc. 2. Plaintiff has submitted a § 1983 civil rights case against numerous Defendants, and Plaintiff states on the complaint form that he has previously had one case dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.*, at 4. Plaintiff indicates, however, that it was dismissed for: "filing fees, three strike provision." *Id.* Plaintiff's response is only partially true. As has already been discovered in this District, Plaintiff has three strikes and is not entitled to proceed *in forma pauperis*. Plaintiff is aware of that fact as demonstrated by his answer in the reason for dismissal and thus, should not have filed an *in forma pauperis* motion.

Plaintiff does not acknowledge that he initiated case 3:05cv969 in the Middle District of Florida on September 19, 2005. Plaintiff was incarcerated at Madison Correctional Institution at that time, and District Judge Harvey Schlesinger dismissed Plaintiff's civil rights case just a few days after Plaintiff initiated it, finding Plaintiff had cases 3:00cv872, 3:00cv873, 3:00cv874, 3:00cv856, 3:00cv857, and 3:00cv858 dismissed as frivolous, malicious, or for failure to state a claim. Doc. 4, case 3:05cv969.[1]

Plaintiff previously filed another case in the Middle District which was transferred to the Northern District in August of 2005. Case 3:05cv331. The case was ultimately dismissed in May of 2006, for Plaintiff's repeated failure to follow and comply with court orders. Docs. 29, 31. When Plaintiff appealed that dismissal, the Eleventh Circuit initially granted him *in forma pauperis* status. However, the appellate court belatedly learned that Plaintiff had more than three cases dismissed under § 1915(e) and, thus, was barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

All of the above information concerning Plaintiff's prior cases was set forth in my report and recommendation in case 4:09cv315. Doc. 7, of that case. Notably, Plaintiff acknowledges that case in his complaint here. Doc. 1, p. 3. My report and recommendation was adopted on March 18, 2010, doc. 16, and the close proximity of that dismissal with Plaintiff's initiation of this case makes it clear that Plaintiffs' continued filings are willful, in bad faith, and are an abuse of the judicial system. Plaintiff has once

---

[1] Records of the United States District Court for the Middle District of Florida reveal Plaintiff had filed even more cases. There is no reason to cite all of those cases as it is clear Plaintiff is barred by § 1915(g) and cannot proceed here, even though he also has not acknowledged all prior case filed.

Case No. 4:10cv398

again attempted to intentionally deceive this Court and he has committed perjury in signing the complaint form. Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v.Castro, 465 F.3d 479, 484 (11th Cir. 2006). Furthermore,"Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982). If Plaintiff continues this conduct, he may be subjected for further sanctions.

This case concerns an alleged conspiracy to obstruct Plaintiff's federal proceedings. Doc. 1, p. 1. This is not a case brought under the exemption of 28 U.S.C. § 1915(g) for being in danger of imminent physical injury. Due to Plaintiff's dishonesty in not acknowledging all prior cases, this case should be dismissed without prejudice. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"). Moreover, Plaintiff cannot proceed with this case without full pre-payment of the $350.00 filing fee because Plaintiff is barred by § 1915(g) from being granted *in forma pauperis* status. This case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as an abuse of the judicial process and Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and it is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**